IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL ACTION FILE |
| v.   ) | |
| ) | NO. 1:14-cr-434-ODE/AJB |
| YESENIA ISABEL DAVILA ABARCA, ) | |
| ) | |
| Defendant.   ) | |

UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION

Before the Court are Yesenia Isabel Davila Abarca's motions to suppress statements, [Doc. 26], and evidence, [Doc. 27]. At the pretrial conference, the Court afforded Defendant additional time, until February 2, 2015, to supplement the motions. [Doc. 28]. The motions were not supplemented. [*See* Dkt.]. Accordingly, the motions are ripe for resolution, and for the following reasons, the undersigned **RECOMMENDS** that the motion to suppress evidence, [Doc. 27], be **DENIED**, and that the motion to suppress statements, [Doc. 26], be **DENIED IN PART**, and the Court **DEFERS** the balance of the motion to the District Judge.

*Introduction*

Abarca is charged in a single-count indictment with importing and attempting to import cocaine into the United States. [Doc. 15]. She seeks to exclude from her trial

AO 72A
(Rev.8/82)

the fruits of a search of her luggage on November 10, 2014 and any statements she made to law enforcement before and after her formal arrest.

*Motion to Suppress Evidence, [Doc. 27]*

The motion to suppress evidence alleges that Abarca was traveling from Lima, Peru to Hartford, Connecticut, and entered the Customs Territory of the United States via International Arrival Concourse F at Hartsfield-Jackson International Airport. She alleges that she is a Lawful Permanent Resident of the United States and at Primary Inspection, entered the U.S. Customs Federal Inspection Station. She then was referred for a secondary inspection based on a random referral. There, officers examined her baggage and removed various items from it (presumably including the cocaine). [Doc. 27 at 1-2]. She argues that she is entitled to suppression of the evidence because the interior of her luggage is protected by the Fourth Amendment, and the search was without a warrant. [*Id.* at 2 (citing, *inter alia*, *Bond v. United States*, 529 U.S. 334 (2000)].

At the pretrial conference, the Court directed that in her supplemental motion, Defendant should discuss why the "border search" exception to the Fourth Amendment's warrant requirement did not govern this case. As noted, no supplemental suppression motion was filed.

2

"A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented. . . . A court need not act upon general or conclusory assertions. . . ." *United States v. Cooper*, 203 F.3d 1279, 1284 (11th Cir. 2000) (quoting *United States v. Richardson,* 764 F.2d 1514, 1527 (11th Cir. 1985) (internal citations omitted)). As the Eleventh Circuit has held,

> [W]here a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion.

*United States v. Sneed*, 732 F.2d 886, 888 (11th Cir. 1984). The motion alleges no facts which would require the grant of relief if proven, and as noted, was not supplemented.[1]

In the present case, it is clear on the face of the motion that Defendant's motion implicates the power of the government to inspect persons and items crossing the international border (or its functional equivalent, such as an international airport), and

---

[1] The undersigned Magistrate Judge issued the criminal complaint against Abarca. *United States v. Abarca*, Case No. 1:14-MJ-01022 (N.D. Ga. Nov. 10, 2014) (Doc. 1 in No. 1:14-cr-434). Even if the Court considered the facts alleged in the criminal complaint in considering the pending motion, the recommended result would be the same.

3

cases, such as *Bond*, discussing what constitutes a search of a domestic traveler's luggage, have no application in this situation.

Border searches comprise an exception to the mandates of the Fourth Amendment. *United States v. Carter*, 760 F.2d 1568, 1576 (11th Cir. 1985). Searches conducted at the border are analyzed in two steps. *United States v. Alfaro-Moncada*, 607 F.3d 720, 726 (11th Cir. 2010) (citing *United States v. Ramsey*, 431 U.S. 606 (1977)). *Alfaro-Moncada* describes the first step as determining if the search was authorized by statute, 607 F.3d at 726 (citing *Ramsey*, 431 U.S. at 611-15), and, if so, the second step as deciding if the search was reasonable under the Fourth Amendment, *id.* (citing *Ramsey*, 431 U.S. at 615-16).

In this case, there is an operative statute, 19 U.S.C. § 1582, which provides, in relevant part, that "all persons coming into the United States from foreign countries shall be liable to detention and search by authorized officers or agents of the Government under such regulations." *See United States v. Pringle*, 576 F.2d 1114, 1116 (5th Cir. 1978)[2] (holding that § 1582 provides statutory authorization for

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

warrantless border searches by customs officials of all persons, baggage, and merchandise entering the United States).

Second, the search as described in the motion was reasonable under the Fourth Amendment. It is beyond peradventure that searches made at the border, pursuant to the long-standing right of the sovereign to protect its territorial integrity, renders preliminary searches and seizures *per se* reasonable simply by virtue of the fact that they occur at the border. *Ramsey*, 431 U.S. at 616; *Alfaro-Moncada*, 607 F.3d at 726. Thus, entrants are subject to search even in the absence of reasonable suspicion, probable cause, or warrant. *Ramsey*, 431 U.S. at 619; *see also United States v. Montoya de Hernandez*, 473 U.S. 531, 538 (1985); *Almeida-Sanchez v. United States*, 413 U.S. 266, 272 (1973) (noting that the federal government may conduct "routine inspections and searches of individuals or conveyances seeking to cross our borders"); *Carroll v. United States*, 267 U.S. 132, 154 (1925) ("Travelers may be so stopped in crossing an international boundary because of national self protection reasonably requiring one entering the country to identify himself as entitled to come in and his belongings as effects which may be lawfully brought in."). In addition, consistent with this authority, border/customs officers may refer a border-crossing traveler to secondary

5

inspection even in the absence of probable cause or reasonable suspicion. *United States v. Garcia*, 616 F.2d 210, 212 (5th Cir. 1980).

As a result, applying these principles to the facts alleged in her motion, the detention and search of Abarca and her luggage was lawful, and therefore, the undersigned **RECOMMENDS** that her motion to suppress evidence, [Doc. 27], be **DENIED**.

*Motion to Suppress Statements, [Doc. 26]*

In her motion to suppress statements, [Doc. 26], Abarca seeks a hearing to determine the voluntariness of her statements and to suppress those that are found to be involuntary, noting that the government bears the burden to show that her statements were voluntary and not obtained in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). [Doc. 26 at 1].

In this case, no hearing is needed before trial since Defendant has not identified any facts which, if proven, would render her statements involuntary or implicate the rule in *Miranda*.³ As for the *Miranda* protections, a person taken into custody must be

---

³ Again, the result would not change if the Court considered the facts alleged in the criminal complaint. Moreover, the criminal complaint alleges that Abarca received *Miranda* rights in Spanish after cocaine and counterfeit currency were found in her luggage, and she was placed in a holding cell. [Doc. 1 at 7].

6

advised of certain rights, including her right to remain silent and her right to counsel, prior to interrogation. *United States v. Munoz-Gutierrez*, 259 Fed. Appx. 197, 200 (11th Cir. Dec. 12, 2007).

> However, in the case of aliens, " 'custodial' should be interpreted in the light of the strong government interest in controlling the borders." [*United States v.*] *Moya*, 74 F.3d [1117,] 1119 [(11th Cir. 1996)]. "Because of the overriding power and responsibility of the sovereign to police international borders, the fifth amendment guarantee against self-incrimination is not offended by routine questioning of those seeking entry to the United States." *Id.* Thus, some degree of questioning and delay is to be expected at entry points into the United States. "Because of this expectation, questioning at the border must rise to a distinctly accusatory level before it can be said that a reasonable person would feel restraints on his ability to roam to the 'degree associated with formal arrest.' " *Id.* at 1120 (quoting *Minnesota v. Murphy*, 465 U.S. 420, 430[ ] (1984)).

*Id.* The defendant bears the burden of demonstrating that she was in custody and thus entitled to *Miranda*'s protections. *United States v. de la Fuente*, 548 F.2d 528, 533 (5th Cir. 1977) ("[I]f a defendant shows that a confession was obtained while he was under custodial interrogation, the government then has the burden of proving that the defendant voluntarily waived his privilege against self-incrimination."). Since Abarca has not alleged facts sufficient to establish she was subjected to custodial interrogation and thus entitled to *Miranda* warnings, the undersigned **DENIES** the motion for an evidentiary hearing before the undersigned, **RECOMMENDS** that the motion to

7

suppress statements on *Miranda* grounds be **DENIED**, and **DEFERS** to the District Judge any hearing on the voluntariness of Abarca's statements to law enforcement.

*Conclusion*

Accordingly, for the above-stated reasons, the undersigned Magistrate Judge **RECOMMENDS** that (1) Abarca's motion to suppress statements, [Doc. 26], be **DENIED IN PART** and **DEFERRED IN PART** to the District Judge; and (2) Abarca's motion to suppress evidence, [Doc. 27], be **DENIED**.

All matters referred to the undersigned have been ruled upon, and the parties have not identified any impediments to the scheduling of a trial. Therefore, this case is **CERTIFIED READY FOR TRIAL**.

**IT IS SO RECOMMENDED and CERTIFIED**, this __11th__ day of February, 2015.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE